BEFORE THE FIRST DIVISION, FEBRUARY 20, 1951

**No. 55248.**—The American Import Co. *v.* United States, protests 135324–K, etc. (San Francisco).

OLIVER, Chief Judge:   The merchandise at bar involves glass beads which were assessed for duty under paragraph 1503, Tariff Act of 1930, at 45 per centum ad valorem as "all other beads in imitation of precious or semiprecious stones, of all kinds and shapes, of whatever material composed."   They are claimed properly dutiable at 35 per centum ad valorem as "beads   *   *   *   not specially provided for" as provided for in said paragraph 1503.

There are two types of beads before us, both manufactured of glass and both ruby red in color.   One of these items is a smooth, round bead (exhibit 1), and the other is a round bead (exhibit 2) which has been faceted so as to produce a number of flat surfaces.   Both types of beads have been pierced.

The only testimony in the case was introduced by the plaintiff through its witness who was the manager in charge of the sales department of the plaintiff company.   No testimony was introduced by the Government in support of the col-

lector's classification. The uncontradicted testimony of the plaintiff's witness is to the effect that the imported beads are used by his firm exclusively in the manufacture of various types of fishing tackle, and, so far as this plaintiff was concerned, are not used for any other purpose. A steel leader (plaintiff's illustrative exhibit A) and a spinner with a spoon on it (plaintiff's illustrative exhibit B) were stated by the witness to represent the type of fishing tackle on which the imported beads were used and that such beads were used "to attract fish" (R. 6, 7).

The plaintiff contends in its brief that since these articles are only used in the manufacture of fishing tackle or parts thereof they are not, therefore, in imitation of precious or semiprecious stones, within the purview of paragraph 1503 of the tariff act. It directs our attention to the Summary of Tariff Information, 1929, at page 1896, wherein it is stated:

**Description and uses.**—Beads in imitation of precious and semiprecious stones * * * are used in the make-up of necklaces, pendants, bracelets, items of jewelry, and other articles of adornment.

It is contended that Congress did not intend to include in paragraph 1503 beads such as those here before us which, when imported by this plaintiff, are used for utilitarian purposes. Information contained in such summary may be resorted to as an aid in determining the intent of Congress but we are not bound by the information contained therein.

The sole question presented for determination is whether these beads as imported, are in imitation of precious or semiprecious stones. The general rule is that the condition of merchandise as imported controls its classification and not what it is made into after importation. (*Leonard Levin Co.* v. *United States*, 27 C. C. P. A. 101, C. A. D. 69.) The classification of the beads before us is not based on use. The action of the collector is presumed to be correct. The plaintiff by its protest has challenged the correctness of the collector's classification and has assumed the burden of affirmatively establishing that these beads, in their condition as imported, are not in imitation of any precious or semiprecious stones. This burden has not been sustained. There is no evidence in this record that the beads in question are not in imitation of precious or semiprecious stones. The fact that they were used for utilitarian purposes and not for ornamentation is not controlling. The presumption of correctness attaching to the collector's classification has not been overcome. The protest is therefore overruled and we hold these beads properly dutiable at the rate of 45 per centum ad valorem as beads in imitation of precious or semiprecious stones under paragraph 1503 of the Tariff Act of 1930, as assessed.

Judgment will issue accordingly.

### CONCURRING OPINION

COLE, Judge: This case was heard and submitted before a single member of this court on circuit under statutory authorization issued by the chief judge to hear or to hear and determine the case (28 U. S. C. (1946 ed., Supp. III) § 254).

My views set forth in *Geo. S. Bush & Co., Inc., et al.* v. *United States*, 22 Cust. Ct. 158, C. D. 1175, questioning the jurisdiction of the division to decide a case similar to these proceedings, continue as the minority expression from the division. Under the practice and procedure of the court and the rules applicable thereto, much litigation before the court is dependent upon my participation in a decision of the same. Adhering, however, to my views expressed in the *Bush* case, *supra*, but for the purpose of expediting the work of the court, I am joining my colleagues in the disposition of this case, and concur in the opinion and judgment attached thereto.